HOFMANN & SCHWEITZER
212 West 35th Street, 12th Floor
New York, NY 10001
(212) 465-8840
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

CHRISTOPHER BAILEY, JUSTIN PEASLEE,
FRANKLIN BODDEN, TRENT MCDOWELL, ELMO
BENEDITH and CHRISTOPHER MOORE,
On Behalf of Themselves and All Others Similarity Situated,

|  |  |
|---|---|
| Plaintiffs, | Civil Action No. _____ |
| -against- | COMPLAINT |

BOUCHARD TRANSPORTATION CO., INC.,
B. NO. 205 CORP., B. NO. 210 CORP.,
B. NO. 215 CORP., B. NO. 220 CORP.,
B. NO. 225 CORP., B. NO. 230 CORP.,
B. NO. 231 CORP., B. NO. 233 CORP.,
B. NO. 235 CORP., B. NO. 240 CORP.,
B. NO. 242 CORP., B. NO. 245 CORP.,
B. NO. 250 CORP., B. NO. 252 CORP.,
B. NO. 260 CORP., B. NO. 262 CORP.,
B. NO. 264 CORP., B. NO. 265 CORP.,
B. NO. 270 CORP., B. NO. 272 CORP.,
B. NO. 280 CORP., B. NO. 282 CORP.,
B. NO. 284 CORP., B. NO. 285 CORP.,
and B. NO. 295 CORP.

TUG EVENING MIST, In Rem, TUG EVENING TIDE,
In Rem, TUG BOUCHARD BOYS, In Rem, TUG
EVENING LIGHT, In Rem, TUG ELLEN S. BOUCHARD,
In Rem, TUG EVENING STAR, In Rem, TUG DENISE A.
BOUCHARD, In Rem, TUG RHEA I. BOUCHARD, In
Rem, TUG CAPT. FRED BOUCHARD, In Rem, TUG
MORTON S. BOUCHARD, In Rem, TUG BUSTER
BOUCHARD, In Rem, TUG MARION C. BOUCHARD,
In Rem, TUG BARBARA E. BOUCHARD, In Rem, TUG
ROBERT J. BOUCHARD, In Rem, TUG J. GEORGE
BETZ, In Rem, TUG BRENDAN J. BOUCHARD, In
Rem, TUG JANE A. BOUCHARD, In Rem, TUG

MORTON S. BOUCHARD, In Rem, TUG LINDA LEE
BOUCHARD, In Rem, TUG DANIELLE M.
BOUCHARD, In Rem, TUG KIM M. BOUCHARD, In
Rem, TUG FREDERICK E. BOUCHARD, In Rem, TUG
RALPH E. BOUCHARD, In Rem, TUG BOUCHARD
GIRLS, In Rem, TUG DONNA J. BOUCHARD, In Rem,
and TUG EVENING BREEZE, In Rem,

THE B. NO. 205, In Rem, THE B. NO. 210, In Rem, THE
B. NO. 215, In Rem, THE B. NO. 220, In Rem, THE B. NO.
225, In Rem, THE B. NO. 230, In Rem, THE B. NO. 231,
In Rem, THE B. NO. 233, In Rem, THE B. NO. 235, In
Rem, THE B. NO. 240, In Rem, THE B. NO. 242, In Rem,
THE B. NO. 245, In Rem, THE B. NO. 250, In Rem, THE
B. NO. 252, In Rem, THE B. NO. 260, In Rem, THE B.
NO. 262,  In Rem, THE B. NO. 264, In Rem, THE B. NO.
265, In Rem, THE B. NO. 270, In Rem, THE B. NO. 272,
In Rem, THE B. NO.  280, In Rem, THE B. NO. 282,
In Rem, THE B. NO. 284, In Rem, THE B. NO. 285, In
Rem, and THE B. NO. 295, In Rem,

Defendants.

-----------------------------------------------------------------------x

ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT  SECURITY AND
PREPAYMENT OF FEES (28 U.S.C. §1916)

Plaintiffs, for themselves and for and on behalf of all persons similarly situated, by their

attorneys Hofmann & Schweitzer, P.C., complain of defendants and allege, upon personal

knowledge and information and belief, as follows:

THE PARTIES

1.       Defendant Bouchard Transportation Co., Inc. ("Bouchard") during the period from

January 1, 2020 through present, was and is authorized to do business in the State of New

York and/or at all relevant times did business in the State of New York. Bouchard is a

major tug and barge operating corporation, operating almost over 25 tugboats and 25

2

petroleum barges, primarily in coast wise commerce.

2.  At all relevant times Defendants' tugboats and vessels listed herein are or were tugboats owned, operated, manned, controlled and maintained by the in personam defendant, Bouchard, herein during the period January 1, 2020 to present; and said vessels are herein as:

| Vessel name | Year Built | Size |
|---|---|---|
| Evening Mist | 1976 | 115' x 32' x 16' |
| Evening Tide | 1970 | 127' x 31' x 15' |
| Bouchard Boys | 1975 | 109' x 31' x 15' |
| Evening Light | 1975 | 109' x 31' x 15' |
| Ellen S. Bouchard | 1982 | 112' x 35' x 17' |
| Evening Star | 2012 | 112' x 35' x 17' |
| Denise A. Bouchard | 2014 | 112' x 35' x 17' |
| Rhea I. Bouchard | 1982 | 112' x 35' x 17' |
| Capt. Fred Bouchard | 1982 | 127' x 37' x 20' |
| Morton S. Bouchard Jr. | 2016 | 130' x 38' x 22' |
| Buster Bouchard | 1979 | 127' x 37' x 20' |
| Marion C. Bouchard | 1979 | 127' x 37' x 20' |
| Barbara E. Bouchard | 1992 | 127' x 37' x 20' |
| Robert J. Bouchard | 1994 | 127' x 37' x 20' |
| J. George Betz | 1995 | 127' x 37' x 20' |
| Brendan J. Bouchard | 1999 | 130' x 38' x 22' |

3

| | | |
|---|---|---|
| Jane A. Bouchard | 2003 | 130' x 38' x 22' |
| Morton S. Bouchard IV | 2004 | 130' x 38' x 22' |
| Linda Lee Bouchard | 2006 | 130' x 38' x 22' |
| Danielle M. Bouchard | 1997 | 150' x 44' x 23.8' |
| Kim M. Bouchard | 2015 | 150' x 50' x 29' |
| Evening Breeze | 2019 | 112' x 35' x 17' |
| Frederick E. Bouchard | 2016 | 130' x 38' x 22' |
| Ralph E. Bouchard | 1987 | 127' x 37' x 20' |
| Bouchard Girls | 1989 | 127' x 37' x 20' |
| Donna J. Bouchard | 2016 | 150' x 50' x 29' |

3.  Defendants listed within this allegation at all times relevant are or were petroleum carrying barges operated, manned, controlled and maintained by the in personam defendant, Bouchard, and at all relevant times, and in particular, since January 1, 2020, the owners of the following listed petroleum carrying barges were/are as follows:

| Vessel | Owner | Operator |
|---|---|---|
| B. No. 231 | B. No. 231 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 233 | B. No. 233 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 250 | B. No. 250 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 260 | B. No. 260 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 262 | B. No. 262 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 264 | B. No. 264 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 280 | B. No. 280 Corp. | Bouchard Transportation Co., Inc. |

4

| B. No. 282 | B. No. 282 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 284 | B. No. 284 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 205 | B. No. 205 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 210 | B. No. 210 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 215 | B. No. 215 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 220 | B. No. 220 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 225 | B. No. 225 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 230 | B. No. 230 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 235 | B. No. 235 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 242 | B. No. 242 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 265 | B. No. 265 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 285 | B. No. 285 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 245 | B. No. 245 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 270 | B. No. 270 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 252 | B. No. 252 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 240 | B. No. 240 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 272 | B. No. 272 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 295 | B. No. 295 Corp. | Bouchard Transportation Co., Inc. |

4.      Some or all of the defendant vessel tugboats listed in Allegation No. 2, above, at present, or during the pendency of this claim, will be within the district in which this action has been commenced.

5.      Some or all of the defendant vessel barges listed in Allegation No. 3, above, at present, or

during the pendency of this claim, will be within the district in which this action has been commenced.

6.    Plaintiff, Christopher Bailey, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof. More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 25 days, as a seaman on the B. No. 210 which was owned by B. No 210 Corp. He has not been paid the wages earned and due to him, in an amount of approximately $15,250. Plaintiff is a resident of the state of Tennessee.

7.    Plaintiff, Justin Peaslee, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof. More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 20 days, as a seaman on the B. No. 250 which was owned by B. No 250 Corp. He has not been paid the wages earned and due to him, in an amount of approximately $10,100. Plaintiff is a resident of the state of Missouri.

8.    Plaintiff, Franklin Bodden, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof. More specifically, during the period from January 1, 2020

6

through present, plaintiff was employed for approximately 34 days, as a seaman on the B. No. 250 which was owned by B. No 250 Corp and on the B. No. 252 which was owned by B. No 252 Corp. He has not been paid the wages earned and due to him, in an amount of approximately $14,280. Plaintiff is a resident of the state of Florida.

9.    Plaintiff, Trent McDowell, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 12 days, as a seaman on the B. No. 270 which was owned by B. No 270 Corp. He has not been paid the wages earned and due to him, in an amount of approximately $5,760. Plaintiff is a resident of the state of Louisiana.

10.    Plaintiff, Elmo Benedith, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 25 days, as a seaman on the Tug Evening Breeze which was owned by Bouchard Transportation Co., Inc. He has not been paid the wages earned and due to him, in an amount of approximately $8,250. Plaintiff is a resident of the state of New York.

11.    Plaintiff, Christopher Moore, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant,

Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 29 days, as a seaman on the Evening Star which was owned by Bouchard Transportation Co., Inc. He has not been paid the wages earned and due to him, in an amount of approximately $9,280. Plaintiff is a resident of the state of Alabama.

12. The plaintiffs and the class they seek to represent are and were at all times relevant herein citizens and/or residents of the United States.

13. From what the payroll administrator told several plaintiffs and other class members, Bouchard would not be paying wages for the work the seamen on the fleet of Bouchard boats would be performing and had already performed in February 2020.

14. Out of a sense of loyalty and duty, and presumed responsibility under Coast Guard regulations and in order to keep safe their Coast Guard licences and documents, and to avoid possible disciplinary actions, one plaintiff and some of the class members continue to work aboard defendants' fleet of vessels, hoping that the lawsuit will provide them the compensation to which they are entitled. Some have been told that if they leave their vessels unattended or not in compliance with the Coast Guard manning certificate, the workers would be subject to Coast Guard discipline.

15. Others Plaintiffs and class members, recognizing that Bouchard is withholding their pay for past services have refused to report to their vessels at the assigned time after their vacation breaks because they fear they will not be paid for the work they preform.

16. Claim is made herein for the continuing failure to pay the wages the Bouchard seamen are

earning going forward after the date of the following of this action.

17.  Each of the *in personam* defendants did business in, and derived income, from business and operations conducted in the United States, in general, and in particular, in the State of New York.

18.  If any or all defendants allege that they can not be found within the district, then pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, plaintiffs and the proposed class seek from the court process by which they may arrest the goods and chattels of the defendants, or credits and effects in the hands of garnishees.

19.  Upon information and belief, during the period from January 1, 2020, through the present, plaintiffs and the class they seek to represent worked at least one day for defendant Bouchard, and for one or more of the vessel owners listed above, and upon one or more of the vessels listed above, during which by agreement they earned daily wages for the work they performed. Despite working the aforesaid days, plaintiffs and the class they represent were not paid their daily wages in accordance with their employment agreements, and said failure to pay was a violation of law and contracts of employment covering their work.

20.  In addition to failing to make payment of daily wages due to the plaintiffs and the class they seek to represent, defendant Bouchard failed to make contributions to various fringe benefit providers or plans for the benefit of the plaintiffs and the class of seamen they seek to represent.

21.  Claim is also made for those seamen who have worked during the period from January 1, 2020 to present on the Tug Donna J. Bouchard and the Barge No. 272, Inc., and who have

not been paid wages for their work already performed and currently being performed.

22.     Upon information and belief, the Tug Donna J. Bouchard and the Barge No. 272 are currently under arrest and under the U.S. Marshall Service's responsibility. However, it is believed by plaintiffs that the several crew who have worked on the two vessels are entitled to wages owed by Bouchard and the vessels' owners.

23.     Upon information and belief, with respect to the proposed class member-seafarers' that plaintiffs seek to represent, plaintiffs and said potential class members duly performed their job duties and defendants have no defense against making the payments to which the workers are entitled for wages and benefits.

24.     The failures of the defendants to pay wages creates a lien for each plaintiff and class member against the vessels upon which they sailed and worked.

                                    JURISDICTION

25.     Jurisdiction herein is pursuant to 28 U.S.C. §1333, the Court's Admiralty and Maritime jurisdiction and under 28 U.S.C. §1331, the Court's federal question jurisdiction. The Court's federal question jurisdiction is invoked to secure protection of and to redress the deprivation of rights secured by portions of the Shipping Act, as amended, 46 U.S.C. §10101, et seq., and 46 U.S.C. §10501 et seq., which provides damages for the withholding or failure to pay seafarers' wages without sufficient cause, plus under the federal Fair Standards Labor Act (FLSA) 29 U.S.C. §200 et seq.

26.     Causes of action are stated, furthermore, under the general maritime law, U.S. statutory law, the common law for breach of contract, fraud, punitive damages and claims are asserted under the Labor Laws of the State of New York and under the Fair Labor

Standards Act (FLSA), 29 U.S.C. §§ 206 and 216.

27.    Upon information and belief, all voyages which are the subject of this complaint either
       commenced and/or terminated in harbors of the United States, and all other employments
       on board defendants' vessels occurred in parts of the United States or on the navigable
       waters of the United States.

## RIGHT TO A CLASS ACTION

28.    Plaintiffs bring this action on behalf of themselves and all other persons similarly situated
       pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and as a
       representative action under FLSA 29 U.S.C. §§ 206 and 216 and under Article 6 of the
       New York Labor Law.  The class which plaintiffs seek to represent is composed of those
       seamen who worked on the defendants' tugboats and petroleum barges, listed above, and
       who worked, or will work, on the various defendant-vessels at some point in time during
       the period from January 1, 2020 through the present, and into the future for as long as the
       harm claimed herein continues, and who were and will be covered under the terms and
       conditions of their employment as agreed between the seafarers and the defendants to be
       paid wages for their seamen services. These employees were and will be subject to illegal
       wage withholdings, and/or non-payment of wages. Each employee class member worked
       in one or more of various job classifications as seamen for which they were to be paid on
       a scale set by the corporate employers and agreed to by the seafarers, but said wage
       payments were not, and continue, to be unpaid.

29.    The class will consist of about 200 employees employed aboard the vessels in issue, and
       who all were employed by defendant Bouchard, and one or more of the listed vessel

11

owners, or one or more of the vessels listed in allegations number 2 and 3, above.

30. Accordingly, the class is so numerous that joinder of all members is impracticable.

31. Additionally, joinder of all class members would create extreme hardship and inconvenience for the affected seafarers. Among other considerations, is the fact that there is a significant geographical diversity among the potential class members who are/were seafarers working for defendants. These men and women are known to reside in at least 15 states, primarily on the East Coast from Maine to Florida, and west in the Gulf of Mexico into Texas and many states in between. Addresses of all class members are within the knowledge of defendants.

32. Potential class members may be unable to file separately due to financial indigence or lack of knowledge that a cause of action exists.

33. Additionally, a class action is a superior method of seeking relief because certain members of the class fear retaliation from defendants, or other companies in the industry, with respect to their present and future employment.

34. The questions of law, among others, common to the class include the following: did defendants breach their employment contracts with the seafarers in the class; was there a failure of defendants to pay full wages due their seamen employees without sufficient cause, did defendants deduct or withhold wages from plaintiffs and the class members' earnings; if so, did such deductions or withholdings violate U.S. law, in particular, 46 U.S.C. § 10501 et seq.; and if so, are plaintiffs and the class members entitled to the payment of these wages and to punitive or exemplary damages; did the defendants' actions constitute fraud; if so, were the seafarers harmed thereby; did the defendants'

actions violate the common law, the general maritime law or U.S. or New York statutory laws? Have defendants failed to make payments of fringe benefits based on the work preformed by the plaintiffs seafarers?

35.    The questions of fact, among others, common to the class include the following: have defendants failed to pay their seafarers wages since January 1, 2020 to present, what was the employment status of the members vis a vis defendants; what were the parameters of the plan instituted by defendants by which full wages were not paid by defendants; if the wages were not fully paid pursuant to relevant contracts and agreements, what was the reason therefore; what was done with the withheld wages; was the failure to pay the amounts due done without sufficient cause?

36.    On information and belief, plaintiffs' claims are typical of the claims and defenses of the class identified above, and on whose behalf plaintiffs sue. Plaintiffs suffered the same injury in fact as was suffered and is being suffered by the class members. Plaintiffs' claims arise from the same events and practices that gives rise to the claims of the other class members and are based on the same legal theories. Plaintiffs maintained the same status as the other class members.

37.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs share standing with the rest of the class. Plaintiffs and the class identified above are suing to recover earned wages that were withheld from them without sufficient cause. Plaintiffs are real parties in interest and have a stake in the outcome of the litigation, because plaintiffs, like the other members of the above-defined class, were and/or continue to be employed upon vessels owned or operated by defendants, or were employed at some

13

point during the period January 1, 2020 through the present, during which time defendants illegally withheld or failed to pay, and continue to withhold or fail to pay, earned wages from plaintiffs and the class members. Consequently, in pursuit of plaintiffs' own self-interest, plaintiffs will vigorously litigate against defendants and thereby advance the interests of the absent class members.

38. At present, upon information and belief, plaintiffs have no direct conflict with any class members. The prosecution of separate actions by individual class members identified above would create a risk of inconsistent or varying adjudications respecting individual class members and establish incompatible standards of conduct for defendants or adjudications respecting individual class members disposing of the interests of the class members not parties to the adjudications or substantially impairing the interests of members of the class not parties to the adjudication or substantially impeding the ability of class members not parties to the adjudication to protect their interests.

39. The questions of law or fact common to the class members predominate over any questions affecting only individual members. The defendants' plan and practice of not paying full wages due class members, without sufficient cause, was a transaction common among the defendants and the class members. The class members also have a common status as they were all classified by defendants to be seamen/seafarers aboard defendants' vessels at some time between January 1, 2020 and the present, and continuing into the future, for as long as the harm complained of continues.

40. Plaintiffs believe that the class action is superior to other available methods for fair and efficient adjudication of the controversy herein.

14

41.   Plaintiffs estimate that the class which they seek to represent consists of approximately 200 seafarers.

42.   Plaintiffs estimate that the average amount of money per seafarer that has been earned but illegally withheld from each of the potential seafarer class members is between approximately $5,000 and $20,000 each, as of the date of the filing of the complaint, and for some of the class, continuing and increasing.

43.   The amount due plaintiffs and the class as of the date of the filing of this complaint is estimated to be approximately $3 million and increasing.

44.   Compounded interest on said sum is due plaintiffs.

45.   Some of the plaintiffs and other class members spoke to the Bouchard payroll administrator, Emily, and were being told that no Bouchard seamen workers were paid on January 22, 2020 and none were to be paid on February 7, 2020. Plaintiffs, through counsel, have canvassed many Bouchard seamen and all have advised that no wage payment was made on February 7, as was supposed to be made.

46.   In fact, no seafarers who served on defendants' vessels were paid on the January 22, 2020 or February 7, 2020 pay dates for the work they preformed in January 2020, nor for any days worked up to and including February 11, 2020.

47.   Bouchard's agreement with each seamen in its fleet is to pay payroll on the 22nd of the month for the preceding two weeks of work and on the 7th of the next month for the balance of the days worked by the seaman in the prior month.

FIRST CAUSE OF ACTION: BREACH OF CONTRACT - JANUARY 1, 2020 TO PRESENT

48.     Plaintiffs repeat and reallege each and every allegation set forth in the previous
        paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.     Between January 1, 2020 and the present time, plaintiffs, and the class they seek to
        represent, were employed at various times aboard various of defendants' vessels, as
        members of the crews thereof and fully performed their duties as crew members and
        accrued earned wages payable pursuant to contracts of employment, plus were entitled to
        payments to various fringe benefit plans.

50.     Plaintiffs, and the class they seek to represent, at all relevant times herein were
        beneficiaries of said contracts.

51.     Upon information and belief, the defendants and in particular Bouchard, in breach of said
        contracts, the common law, U.S. statutory law, New York statuary law, and the general
        maritime law, and notwithstanding their obligations to plaintiffs thereunder, failed to
        make payment of the full wages due to said plaintiffs and the class they seek to represent.
        Indeed, on information and belief, and the time of this filing, no wages have been paid to
        any seaman employed by Bouchard since January 1, 2020 to present, and defendants'
        have no intention of making those payments absent court order.

52.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand
        damages on this cause of action in excess of Three Million Dollars ($3,000,000) and
        increasing.

SECOND CAUSE OF ACTION: WAGES DUE PURSUANT TO 46 U.S.C. §10501, ET SEQ.
FROM JANUARY 1, 2020 TO PRESENT

53. Plaintiffs repeat and reallege each and every allegation set forth in the previous
    paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. Between January 1, 2020 and the present, plaintiffs, and the class they seek to represent,
    worked aboard various of the defendants' vessels and fully performed their duties
    thereon. In so doing, they accrued earned wages and benefits pursuant to contracts, the
    common law, U.S. statutory law, New York statutory law and the general maritime law.

55. The defendant failed, refused and neglected to make payment of the full wages and
    benefits due to said plaintiffs, and the class they seek to represent. The failure to pay the
    wages and benefits due is a violation of 46 U.S.C. § 10504, the common law and the
    other laws described herein.

56. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand
    damages on this cause of action in excess of Three Million Dollars ($3,000,000) and
    increasing.

THIRD CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER 46 U.S.C. § 10504
FOR UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

57. Plaintiffs repeat and reallege each and every allegation set forth in the previous
    paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58. By reason of the refusal and neglect to pay the seafarers' their full earned wages and
    benefits when same became due and owing, and said non-payment being done without
    sufficient cause, pursuant to 46 U.S.C. §10504(c) some plaintiffs and class members are
    entitled to penalty wages of two days pay for each and every day during which payment of

17

their duly earned wages have been delayed without sufficient cause.

59. The failure to pay the earned wages and benefits is an ongoing and daily violation of the rights of plaintiffs and the class they seek to represent.

60. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand damages on this cause of action in excess of Three Million Dollars ($3,000,000) and increasing.

FOURTH CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER NEW YORK LABOR LAW ARTICLE 6 FOR UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

61. Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs of this Complaint with the same force and effect as if fully set forth herein.

62. By reason of the refusal and neglect to pay the seafarers' their full earned wages and benefits when same became due and owing, and said non-payment being done without sufficient cause, pursuant to Article 6 of the New York Labor Law, and in particular Labor Law § 663, plaintiffs are entitled to penalty wages of twice the amount payable due to the wilful and egregious failure to pay the wage due the plaintiffs and the class.

63. The failure to pay the earned wages is an ongoing and daily violation of the rights of plaintiffs and the class they seek to represent.

64. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand damages on this cause of action in excess of Six Million Dollars ($6,000,000) and increasing.

18

FIFTH CAUSE OF ACTION: CLAIMS UNDER 29 U.S.C. §201 ET SEQ.

65.    Plaintiffs repeat and reallege each and every allegation set forth in the previous
       paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66.    Plaintiffs and the class they seek to represent are entitled to the protections of the Fair
       Labor Standards Act (FLSA) and in particular 29 U.S.C. §§ 206 and 216.

67.    By reason of Bouchard's failure to pay the wages the seamen serving on its fleets vessels
       earned, defendants violated FLSA, in particular 29 U.S.C. §§ 206 and 216.

68.    Plaintiffs and the class they seek to represent this are entitled to judgement in their favor
       under these statutes to the wages they earned but are unpaid; to penalties of an equivalent
       amount of the wages unpaid, for attorney fees and costs, and claim therefore is made.

69.    Plaintiffs and the class they seek to represent, accordingly, demand judgement on these
       causes of action in excess of Six Million Dollars ($6,000,000) and increasing.

SIXTH CAUSE OF ACTION: SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

70.    Plaintiffs repeat and reallege each and every allegation set forth in the previous
       paragraphs as if fully restated herein.

71.    Upon information and belief, the violations described herein, including the breaches of
       contract, fraud, violation of the U.S. Seaman's Wage Act, the common law, New York
       law, the Fair Labor Standards Act and the general maritime law are ongoing, willful,
       without sufficient cause and occurring on a continuous basis.

72.    Plaintiffs and the class they seek to represent are entitled to, and respectfully demand, that
       the court order specific performance of the contracts and agreements to which they are
       parties with the defendants.

19

73. Plaintiffs seek such other injunctive relief as the court deems warranted to enforce the rights of the plaintiffs and the class they seek to represent and to prohibit and prevent defendants from continuing their violations of the plaintiffs' rights and those of the class they seek to represent.

### SEVENTH CAUSE OF ACTION: FRAUD

74. Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs as if fully restated herein.

75. Defendants, and in particular Bouchard, enticed its seamen employees to work on defendants' vessels since January 1, 2020 with false premises that they would be paid for their labor on those vessels. Bouchard knew said promise to pay the seamen their wages was false. Plaintiffs detrimentally relied on the promise that they would be paid for their work and thus they preformed seaman's work on defendants' vessels.

76. Due to their reliance of the false promises, which constitutes fraud, plaintiffs and the class has been harmed.

77. Plaintiffs on their own behalf and for the class they seek to represent claim compensatory damages of at least Three Million Dollars ($3,000,000) and increasing and such other damages as are awarded by the times of fact.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and all other persons similarly situated, pray this court to:

1. Order that the class herein described be certified as a proper class for purposes of this action;

2.      Order that plaintiffs be recognized as proper class representatives in this action;

3.      Order defendants to make whole those persons adversely affected by the policies and practices described herein by providing back pay for wages withheld from plaintiffs and the class members;

4.      Grant to certain plaintiffs and the class members judgment against defendants in the amount of two days' wages for each day payment of their full earned wages was wrongfully delayed or withheld, pursuant to 46 U.S.C. § 10504;

5.      Grant to plaintiffs and the class members prejudgment interest on the wages that defendants wrongfully and illegally withheld;

6.      Grant plaintiffs and the class members compensatory damages for breach of contract;

7.      Issue process by which in rem jurisdiction can be obtained over each of the defendants vessels, as follows:

**Tugs**

Evening Mist, In Rem,

Evening Tide, In Rem,

Bouchard Boys, In Rem,

Evening Light, In Rem,

Ellen S. Bouchard, In Rem,

Evening Star, In Rem,

Denise A. Bouchard, In Rem,

Rhea I. Bouchard, In Rem,

21

Capt. Fred Bouchard, In Rem,

Morton S. Bouchard Jr., In Rem,

Buster Bouchard, In Rem,

Marion C. Bouchard, In Rem,

Barbara E. Bouchard, In Rem,

Robert J. Bouchard, In Rem,

J. George Betz, In Rem,

Brendan J. Bouchard, In Rem,

Jane A. Bouchard, In Rem,

Morton S. Bouchard IV, In Rem,

Linda Lee Bouchard, In Rem,

Danielle M. Bouchard, In Rem,

Kim M. Bouchard, In Rem,

Evening Breeze, In Rem,

Frederick E. Bouchard, In Rem,

Ralph E. Bouchard, In Rem,

Donna J. Bouchard, In Rem,

Bouchard Girls, In Rem,

**Barges**

B. No. 231, In Rem,

B. No. 233, In Rem,

B. No. 250, In Rem,

B. No. 260, In Rem,

B. No. 262, In Rem,

B. No. 264, In Rem,

B. No. 280, In Rem,

B. No. 282, In Rem,

B. No. 284, In Rem,

B. No. 205, In Rem,

B. No. 210, In Rem,

B. No. 215, In Rem,

B. No. 220, In Rem,

B. No. 225, In Rem,

B. No. 230, In Rem,

B. No. 235, In Rem,

B. No. 242, In Rem,

B. No. 265, In Rem,

B. No. 285, In Rem,

B. No. 245, In Rem,

B. No. 270, In Rem,

B. No. 252, In Rem,

B. No. 240, In Rem,

B. No. 272, In Rem,

B. No. 295, In Rem,

Including warrants of arrest to be issued to the United States Marshal;

8.       Issue ancillary process by which in rem or quasi in rem jurisdiction can be obtained over the assets of the defendants in this district, and over the vessels in other district courts of the United States;

9.       Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with the applicable law;

10.      Order defendants to specifically perform their agreements with plaintiffs and the class they seek to represent, to enjoin the defendants from further violations of the rights of plaintiffs and the class and to order such other relief as warranted to prevent defendants from continuing to violate the rights of the plaintiffs and the class as requested in the Sixth cause of action;

11.      Grant plaintiffs and the class they represent judgement on each of the aforesaid causes of action;

12.      Grant plaintiffs and the class they represent their attorney's fees, costs, and disbursements;

13.      Grant plaintiffs and the class they represent wages and penalty wages under New York Labor Law Article 6 for the wilful and egregious failure to pay the plaintiffs and the class the wages earned;

14.      Grant plaintiffs and the class they represent wages and penalty wages on their cause of action for violation of 29 U.S.C. §§ 206 and 216.

15.      Enter judgment in favor of plaintiffs and the class whom they represent in the amount of at least $3,000,000 and increasing on the First, Second, Third and Seventh causes of

action stated herein and at least $6,000,000 on the Fourth and Fifth causes of action;

16.     Enter judgement on the causes of action alleging damages for fraud;

17.     Issue such process as to allow plaintiffs and the proposed class, pursuant to Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims, to arrest the goods and

chattels of the defendants, or credits and effects thereof in the hands of garnishees;

18.     Grant such additional relief as the court deems proper and just and just under the

circumstances.

Dated: New York, New York  
      February 11, 2020

HOFMANN & SCHWEITZER

By:                         

     Paul T. Hofmann, Esq. (PH 1356)  
     Attorneys for Plaintiffs  
     212 W. 35th Street, 12th Floor  
     New York, N.Y. 10001  
     (212) 465-8840 Fax: 212-465-8849  
     paulhofmann@hofmannlawfirm.com