**KAUFF MCGUIRE & MARGOLIS** LLP
**950 Third Avenue, Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER BAILEY, JUSTIN PEASLEE, FRANKLIN BODDEN, TRENT MCDOWELL, ELMO BENEDITH and CHIRSTOPHER MOORE, on behalf of themselves and all others similarity situated, | Case No. 20-cv-01207 (MKV) |
| Plaintiffs, | |
| - against - | **AMENDED ANSWER** |
| BOUCHARD TRANSPORTATION CO., INC., B. NO. 205 CORP., B. NO. 210 CORP., B. NO. 215 CORP., B. NO. 220 CORP., B. NO. 225 CORP., B. NO. 230 CORP., B. NO. 231 CORP., B. NO. 233 CORP., B. NO. 235 CORP., B. NO. 240 CORP., B. NO. 242 CORP., B. NO. 245 CORP., B. NO. 250 CORP., B. NO. 252 CORP., B. NO. 260 CORP., B. NO. 262 CORP., B. NO. 264 CORP., B. NO. 265 CORP., B. NO. 270 CORP., B. NO. 272 CORP., B. NO. 280 CORP., B. NO. 282 CORP., B. NO. 284 CORP., B. NO. 285 CORP., and B. NO. 295 CORP. | |
| TUG EVENING MIST, In Rem, TUG EVENING TIDE, In Rem, TUG BOUCHARD BOYS, In Rem, TUG EVENING LIGHT, In Rem, TUG ELLEN S. BOUCHARD, In Rem, TUG EVENING STAR, In Rem, TUG DENISE A. BOUCHARD, In Rem, TUG RHEA I. BOUCHARD, In Rem, TUG CAPT. FRED BOUCHARD, In Rem, TUG MORTON S. BOUCHARD, In Rem, TUG BUSTER BOUCHARD, In Rem, TUG MARION C. BOUCHARD, In Rem, TUG BARBARA E. | |

BOUCHARD, In Rem, TUG ROBERT J.
BOUCHARD, In Rem, TUG J. GEORGE
BETZ, In Rem, TUG BRENDAN J.
BOUCHARD, In Rem, TUG JANE A.
BOUCHARD, In Rem, TUG MORTON S.
BOUCHARD, In Rem, TUG LINDA LEE
BOUCHARD, In Rem, TUG DANIELLE M.
BOUCHARD, In Rem, TUG KIM M.
BOUCHARD, In Rem, TUG FREDERICK E.
BOUCHARD, In Rem, TUG RALPH E.
BOUCHARD, In Rem, TUG BOUCHARD
GIRLS, In Rem, TUG DONNA J. BOUCHARD,
In Rem, and TUG EVENING BREEZE, In Rem,

THE B. NO. 205, In Rem, THE B. NO. 210, In
Rem, THE B. NO. 215, In Rem, THE B. NO.
220, In Rem, THE B. NO. 225, In Rem, THE B.
NO. 230, In Rem, THE B. NO. 231, In Rem,
THE B. NO. 233, In Rem, THE B. NO. 235, In
Rem, THE B. NO. 240, In Rem, THE B. NO.
242, In Rem, THE B. NO. 245, In Rem, THE B.
NO. 250, In Rem, THE B. NO. 252, In Rem,
THE B. NO. 260, In Rem, THE B. NO. 262, In
Rem, THE B. NO. 264, In Rem, THE B. NO.
265, In Rem, THE B. NO. 270, In Rem, THE B.
NO. 272, In Rem, THE B. NO. 280, In Rem,
THE B. NO. 282, In Rem, THE B. NO. 284, In
Rem, THE B. NO. 285, In Rem, and THE B.
NO. 295, In Rem,

                    Defendants.

Defendants Bouchard Transportation Company Inc., et al ("Defendants"
or "Bouchard"), by their attorneys Kauff McGuire & Margolis LLP, as and for their
Amended Answer to the Complaint filed by Plaintiffs Christopher Bailey ("Bailey"),
Justin Peaslee ("Peaslee"), Franklin Bodden ("Bodden"), Trent McDowell ("McDowell"),
Elmo Benedith ("Benedith") and Christopher Moore ("Moore") on behalf of themselves
and all others similarly situated (collectively "Plaintiffs"), admit, deny and aver as
follows:

4829-7628-5115.1

## COMPLAINT

## THE PARTIES

1.      Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations of vessels being "owned, manned, controlled and maintained" by Defendants. Plaintiffs' allegations regarding an "in personam defendant" sets forth a legal conclusion to which no response is required. Notwithstanding, Defendants admit that they own vessels referred to as the Evening Mist, Evening Tide, Bouchard Boys, Evening Light, Ellen S. Bouchard, Evening Star, Denise A. Bouchard, Rhea I. Bouchard, Capt. Fred Bouchard, Morton S. Bouchard Jr., Buster Bouchard, Marion C. Bouchard, J. George Betz, Brendan J. Bouchard, Jane A. Bouchard, Morton S. Bouchard IV, Linda Lee Bouchard, Danielle M. Bouchard, Kim M. Bouchard, Evening Breeze, Frederick E. Bouchard, Ralph E. Bouchard, Bouchard Girls and Donna J. Bouchard.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations of vessels being "owned, manned, controlled and maintained" by Defendants. Plaintiffs' allegations regarding an "in personam defendant" sets forth a legal conclusion to which no response is required. Notwithstanding, Defendants admit that they own vessels referred to as B. No. 231, B. No. 233, B. No. 250, B. No. 260, B. No. 262, B. No. 264, B. No. 280, B. No. 282, B. No. 284, B. No. 205, B. No. 210, B. No. 215, B. No. 220, B. No. 225, B. No. 230, B. No. 235, B. No. 242, B. No. 265, B. No. 285, B. No. 245, B. No. 270, B. No. 252, B. No. 240, B. No. 272, B. No 295.

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint or to predict where Defendants' vessel tugboats will be during the pendency of this claim.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint or to predict where Defendants' vessel barges will be during the pendency of this claim.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint except to admit that Plaintiff Bailey was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that Bailey has been paid all wages earned and due to him.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint except to admit that Plaintiff Peaslee was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that Peaslee has been paid all wages earned and due to him.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Complaint except to admit that Plaintiff Bodden was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that Bodden has been paid all wages earned and due to him.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Complaint except to admit that Plaintiff McDowell was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that McDowell has been paid all wages earned and due to him.

10.      Defendants deny the allegations set forth in Paragraph 10 of the

Complaint except to admit that Plaintiff Benedith was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that Benedith has been paid all wages earned and due to him.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint except to admit that Plaintiff Moore was employed by Defendant Bouchard Transportation Co. Inc. Defendants aver that Moore has been paid all wages earned and due to him. Defendants further aver that Plaintiff Moore filed a voluntary notice of dismissal in this matter. ECF # 4.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

16.     Paragraph 16 of the Complaint appears to contain no allegations of fact to which a response is required. To the extent that Paragraph 16 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants aver that all employees have been paid all wages earned and due to them.

17.     Paragraph 17 of the Complaint sets forth legal conclusions and appears to contain no allegations of fact to which a response is required. To the extent that Paragraph 17 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

18.     Paragraph 18 of the Complaint is not compliant with Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.  To the extent this paragraph requests relief and/or contains any allegation of fact to which a response is required, Defendants deny Plaintiffs' request for relief and the allegations therein.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding all fringe benefits; Defendants aver that throughout the applicable time period all employees continued on Defendants' medical insurance.

21.     Paragraph 21 of the Complaint appears to contain no allegations of fact to which a response is required. To the extent that Paragraph 21 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations. Defendants aver that all employees have been paid all wages earned and due to them.

22.     Defendants admit that the Tug Donna J. Bouchard and the Barge No. 272 are currently under arrest and under the U.S. Marshall Service's responsibility. Defendants further aver that all employees have been paid all wages earned and due to

them.

23.     Defendants deny the allegation set forth in Paragraph 23 of the Complaint and aver that all employees have been paid all wages earned and due to them.

24.     Defendants deny the allegation set forth in Paragraph 24 of the Complaint and aver that all employees have been paid all wages earned and due to them.

## JURISDICTION

25.     Paragraph 25 of the Complaint sets forth legal conclusions and appears to contain no allegations of fact to which a response is required.

26.     Paragraph 26 of the Complaint sets forth legal conclusions and appears to contain no allegations of fact to which a response is required.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

## RIGHT TO A CLASS ACTION

28.     Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. Defendants aver that a class action is inappropriate and that all employees have been paid all wages earned and due to them. Defendants aver Plaintiffs' claims are barred by a lack of standing for those individuals on whose behalf Plaintiffs intend to prosecute these claims. Plaintiffs' claims are further barred as Plaintiffs are not similarly situated and Defendants' defenses may be individualized. Thus, Plaintiffs do not meet the legal standard to proceed as a class, nor the legal standard to proceed as a collective action.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint sets forth legal conclusions to which

4829-7628-5115.1

no response is required. To the extent that Paragraph 30 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations and aver class action is inappropriate.

31.    Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 31 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations and aver that class action is inappropriate.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations set forth in Paragraph 33 of the Complaint and aver class action is inappropriate.

34.    Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 34 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations and state class action is inappropriate. Defendants aver that all employees have been paid all wages earned and due to them.

35.    Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 35 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations and state class action is inappropriate. Defendants aver that all employees have been paid all wages earned and due to them.

36.    Paragraph 36 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 36 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations

and state class action is inappropriate. Defendants aver that all employees have been paid all wages earned and due to them. Defendants aver Plaintiffs' claims are barred by a lack of standing for those individuals on whose behalf Plaintiffs intend to prosecute these claims. Plaintiffs' claims are further barred as Plaintiffs are not similarly situated and Defendants' defenses may be individualized. Thus, Plaintiffs do not meet the legal standard to proceed as a class, nor the legal standard to proceed as a collective action.

37.    Paragraph 37 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 37 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants aver that all employees have been paid all wages earned and due to them. Defendants aver Plaintiffs' claims are barred by a lack of standing for those individuals on whose behalf Plaintiffs intend to prosecute these claims. Plaintiffs' claims are further barred as Plaintiffs are not similarly situated and Defendants' defenses may be individualized. Thus, Plaintiffs do not meet the legal standard to proceed as a class, nor the legal standard to proceed as a collective action.

38.    Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 38 may be deemed to set forth any allegation of fact to which a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants aver that class action is inappropriate and all employees have been paid all wages earned and due to them.

39.    Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 39 may be deemed to set forth any

allegations of fact to which a response is required, Defendants deny those allegations. Defendants aver that class action is inappropriate and all employees have been paid all wages earned and due to them.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint. Defendants aver that all employees have been paid all wages earned and due to them.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint and aver that all employees have been paid all wages earned and due to them.

47.     Paragraph 47 of the Complaint sets forth a legal conclusion to which no response is required. Defendants aver that all employees have been paid all wages earned and due to them.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT
## JANUARY 1, 2020 TO PRESENT

48.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 47 as though fully set forth herein.

49.      Defendants deny knowledge or information sufficient to form a belief as to the actions of all class members. Defendants further state that Paragraph 49 sets forth legal conclusions to which no response is required. Defendants aver that all employees of Defendants have been paid all wages earned and due to them. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding all fringe benefits; Defendants aver that throughout the applicable time period all employees continued on Defendants' medical insurance.

50.     Defendants deny knowledge or information sufficient to form a belief as to the actions of all class members. Defendants admit that the named Plaintiffs were the beneficiaries of contracts and Defendants aver that all employees of Defendants have been paid all wages earned and due to them.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint. To the extent that Paragraph 52 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

## SECOND CAUSE OF ACTION: WAGES DUE PURSUANT TO 46 U.S.C. §
## 10501, et seq. FROM JANUARY 1, 2020 TO PRESENT

53.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants deny knowledge or information sufficient to form a belief as to the actions of all class members. Defendants further state that Paragraph 54 sets forth legal conclusions to which no response is required. Defendants aver that all employees of Defendants have been paid all wages earned and due to them. Defendants aver Plaintiffs' claims under 46 U.S.C. § 10501 *et seq.*, are barred by the inapplicability of the statute and Defendants' status as coastwise vessels.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint. Defendants aver Plaintiffs' claims under 46 U.S.C. § 10501 *et seq.*, are barred by the inapplicability of the statute and Defendants' status as coastwise vessels.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint. To the extent that Paragraph 56 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

## THIRD CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER 46 U.S.C. § 10504 FOR UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

57.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 56 as though fully set forth herein.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint. Defendants aver Plaintiffs' claims under 46 U.S.C. § 10501 *et seq.*, are barred by the inapplicability of the statute and Defendants' status as coastwise vessels.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint. Defendants aver Plaintiffs' claims under 46 U.S.C. § 10501 *et seq.*, are barred by the inapplicability of the statute and Defendants' status as coastwise vessels.

4829-7628-5115.1

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint. To the extent that Paragraph 60 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

### FOURTH CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER NEW YORK LABOR LAW ARTICLE 6 FOR UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

61.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 60 as though fully set forth herein.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint. Defendants aver Plaintiffs' claims under New York Labor Law are barred as Defendants are maritime employers and Plaintiffs' claims are preempted, including by the FLSA and the admiralty and maritime jurisdiction of the federal government.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint. Defendants aver Plaintiffs' claims under New York Labor Law are barred as Defendants are maritime employers and Plaintiffs' claims are preempted, including by the FLSA and the admiralty and maritime jurisdiction of the federal government.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint. To the extent that Paragraph 64 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

### FIFTH CAUSE OF ACTION: CLAIMS UNDER 29 U.S.C. § 201 ET SEQ.

65.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 64 as though fully set forth herein.

66.     Paragraph 66 of the Complaint sets forth legal conclusions and

4829-7628-5115.1

appears to contain no allegations of fact to which a response is required.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint. Defendants aver Plaintiffs' claims under 29 U.S.C. § 201 *et seq.,* are barred pursuant to 29 U.S.C. § 216(c) and the Secretary's authority thereunder to supervise the payment of wages.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint. Defendants aver Plaintiffs' claims under 29 U.S.C. § 201 *et seq.,* are barred pursuant to 29 U.S.C. § 216(c) and the Secretary's authority thereunder to supervise the payment of wages.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint. To the extent that Paragraph 69 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

## SIXTH CAUSE OF ACTION: SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

70.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 69 as though fully set forth herein.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Paragraph 72 sets forth a legal conclusion and appears to contain no allegation of fact to which a response is required. To the extent that Paragraph 72 may be deemed to set forth any allegations of fact to which a response is required, Defendants aver that all employees of Defendants have been paid all wages earned and due to them and Defendants have performed under all contracts and agreements to

-14-

which they are parties with Plaintiffs.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint. To the extent that Paragraph 73 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

## SEVENTH CAUSE OF ACTION: FRAUD

74.     Defendants repeat and reallege its responses to each and every allegation set forth in Paragraphs 1 through 73 as though fully set forth herein.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint. To the extent that Paragraph 77 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny those allegations.

## PRAYER FOR RELIEF

Defendants deny the allegations of Paragraphs 1 to 18 of the Prayer for Relief section of the Complaint and deny that Plaintiffs are entitled to any of the relief prayed for therein.  Defendants aver that all employees have been paid all wages earned and due to them.

## ALLEGATIONS MADE IN HEADINGS

Defendants deny any allegations made in any headings contained in the

Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation, statement, matter and thing in the Complaint that is not expressly admitted or qualified herein.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

### AS AND FOR A FIRST DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

Plaintiffs' claims are barred by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE:

Plaintiffs' claims are barred by a lack of standing for those individuals on whose behalf Plaintiffs intend to prosecute these claims. Plaintiffs' claims are barred as Plaintiffs are not similarly situated and Defendants' defenses may be individualized. Plaintiffs do not meet the legal standard to proceed as a class, nor the legal standard to proceed as a collective action.

### AS AND FOR A FOURTH DEFENSE:

Plaintiffs' class action and collective action claims are barred to the extent the applicable conditions precedent were not properly affected or complied with.

### AS AND FOR A FIFTH DEFENSE:

Plaintiffs' breach of contract claims are barred by the doctrine of full performance.

**AS AND FOR A SIXTH DEFENSE:**

Plaintiffs' breach of contract claims are barred by the doctrine of accord and satisfaction.

**AS AND FOR A SEVENTH DEFENSE:**

Plaintiffs' claims are barred by settlement.

**AS AND FOR AN EIGHTH DEFENSE:**

Plaintiffs' breach of contract claims are barred by the doctrine of novation.

**AS AND FOR A NINTH DEFENSE:**

Plaintiffs' claims are barred by payment.

**AS AND FOR A TENTH DEFENSE:**

Plaintiffs' claims under 46 U.S.C. § 10501 *et seq.*, are barred by the inapplicability of the statute and Defendants' status as coastwise vessels.

**AS AND FOR AN ELEVENTH DEFENSE:**

Plaintiffs' claims are barred by the inability to recover double damages.

**AS AND FOR A TWELFTH DEFENSE:**

Plaintiffs' claims are barred by the doctrine of preemption.

**AS AND FOR A THIRTEENTH DEFENSE:**

Plaintiffs' claims under New York Labor Law are barred by the doctrine of FLSA preemption.

**AS AND FOR A FOURTEENTH DEFENSE:**

Plaintiffs' claims under New York Labor Law are barred by the doctrine of admiralty and maritime preemption.

4829-7628-5115.1

**AS AND FOR A FIFTEENTH DEFENSE:**

Plaintiffs' claims under 29 U.S.C. § 201 *et seq.*, are barred pursuant to 29 U.S.C. § 216(c) and the Secretary's authority thereunder to supervise the payment of wages.

**AS AND FOR A SIXTEENTH DEFENSE:**

Plaintiffs' claims are barred by the doctrine of release.

**AS AND FOR A SEVENTEENTH DEFENSE:**

If any damages or losses were sustained by Plaintiffs, such damages or losses were caused or contributed to by Plaintiffs' own actions, inactions, fault, lack of diligence and not by any actions or inactions of Defendants.

**AS AND FOR AN EIGHTEENTH DEFENSE:**

Plaintiffs' claims are barred by the doctrine of waiver and equitable estoppel.

**AS AND FOR A NINETEENH DEFENSE:**

Plaintiffs' claims are barred by the doctrine of *res judicata.*

**AS AND FOR A TWENTIETH DEFENSE:**

Plaintiffs are not entitled to any equitable relief or penalties.

**AS AND FOR A TWENTY-FIRST DEFENSE:**

Plaintiffs are not entitled to liquidated damages.

**AS AND FOR A TWENTY-SECOND DEFENSE:**

The Complaint fails to state a claim upon which an award of attorneys' fees may be granted.

**AS AND FOR A TWENTY-THIRD DEFENSE:**

Plaintiffs' claims are barred by Plaintiffs' lack of injury.

-18-

4829-7628-5115.1

### AS AND FOR A TWENTY-FOURTH DEFENSE:

Plaintiffs' claims are barred as duplicative.

### AS AND FOR A TWENTY-FIFTH DEFENSE:

Plaintiffs' claims are barred by the doctrine of ratification.

### AS AND FOR A TWENTY-SIXTH DEFENSE:

Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A TWENTY-SEVENTH DEFENSE:

Defendants have performed all of their obligations and Plaintiffs are not entitled to specific performance.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to injunctive relief.

### AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

### AS AND FOR A THIRTIETH DEFENSE

The Complaint or any relief sought by Plaintiffs is barred by such additional defenses as Defendants may have that cannot now be articulated due to the generality of Plaintiffs' pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

4829-7628-5115.1

**WHEREFORE**, Defendants respectfully request that this Court enter an Order: (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendants its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court seems just and proper.

Dated: June 3, 2020

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP


By: _____*s/ Raymond G. McGuire*_____
                 Raymond G. McGuire
                 Aaron C. Carter

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010 (Tel)
(212) 644-1936 (Fax)
mcguire@kmm.com
carter@kmm.com

Attorneys for Defendants