```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

CHRISTOPHER BAILEY et al., on behalf of
themselves and all others similarly situated,

        Plaintiff(s),

  -against-

BOUCHARD TRANSPORTATION CO., INC.,
et al.,

        Defendant(s).

------------------------------------------------------
            x

No. 1:20-cv-01207 (SDA)

**REPORT OF RULE 26(f) MEETING AND ~~PROPOSED~~ CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on various dates throughout **June, July, August and September 2020** and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1.   **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff: See attached joint letter**

_____
_____
_____

**Defendant: See attached joint letter**

_____
_____
_____

2.   **Basis of Subject Matter Jurisdiction:**   **See attached joint letter**_____

*Revised: January 31, 2019*

3. **Subjects on Which Discovery May Be Needed**

Plaintiff: **See attached joint letter**

Defendant: **See attached joint letter**

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on __**N/A**__. In addition, by **October 25, 2020**, Plaintiff(s) produced/**will produce** an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on __**N/A**__. In addition, on __**October 25, 2020**__, Defendant(s) produced/**will produce** an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan:

   a. All fact discovery must be completed by __**January 29, 2021**__.

   b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

*Revised: January 31, 2019*

    i.    <u>Depositions</u>: Depositions shall be completed by **January 29, 2021** and limited to no more than **TBD** depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **October 26, 2020**. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before **December 29, 2020**.

    iv.    <u>Requests for Production</u>: Initial requests for production were/**will be** exchanged on or before **October 26, 2020** and responses shall be due on **November 25, 2020**. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe. **See attached joint letter**

7. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? **TBD**

    b.    Last date to amend the Complaint: **Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.**

8. **Expert Witness Disclosures**

At this time, the parties do/**do not** (circle one) anticipate utilizing experts.  Expert discovery shall be completed by _____**N/A**_____.

9. **Electronic Discovery and Preservation of Documents and Information**

　　a.　　Have the parties discussed electronic discovery?  _____**No**_____

　　b.　　Is there an electronic discovery protocol in place?  If not, when do the parties expect to have one in place?  _____**Within 30 days, if necessary**_____

　　c.　　Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

　　　　　　Yes  **X**　　　No  _____

　　d.　　Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?  **No.**

10. **Anticipated Motions**
**See attached joint letter.**

11. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than _____**N/A**_____.

The following information is needed before settlement can be discussed:

12. **Trial**

　　a.　　The parties anticipate that this case will be ready for trial by **May 3, 2021.**

4

Revised: January 31, 2019

    b.    The parties anticipate that the trial of this case will require __**3**__ days.

    c.    The parties do/do not (circle one) consent to a trial before a Magistrate Judge at this time.  Consent entered on September 3, 2020. (*See* ECF No. 123.)

    d.    The parties request a jury/**bench** (circle one) trial.

13.    **Other Matters**

_____
_____
_____

Respectfully submitted this 24 day of September

ATTORNEYS FOR PLAINTIFF(S):          ATTORNEYS FOR DEFENDANT(S):

**s/Paul T. Hofmann**                         **s/Aaron C. Carter**

ENDORSEMENT: The proposed Case Management Plan is approved. Extensions shall be granted for good cause shown. The parties may agree to adjust the interim deadlines in Section 5(b) without leave of Court. As discussed during today's Initial Pretrial Conference, certain Defendants in this action have filed a Petition for Bankruptcy in the Southern District of Texas (Case No. 20-34682). No later than Thursday, October 15, 2020, the parties shall file a joint letter addressing: (1) the entities on whose behalf an automatic stay would affect; and (2) how the parties intend to proceed in this action as a result.
SO ORDERED.
Dated: October 1, 2020

5



950 THIRD AVENUE • FOURTEENTH FLOOR
NEW YORK, NY 10022

AARON C. CARTER
DIRECT DIAL: (212) 909-0738
DIRECT FAX: (212) 909-3538
CARTER@KMM.COM

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

September 24, 2020

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Bailey et al., v. Bouchard Transportation Co., Inc. et al.,*
               Case No. 1:20-cv-01207 (MKV)(SDA)

Dear Judge Aaron:

      This firm represents Defendants Bouchard Transportation Co., Inc. et al., ("Bouchard" or "Defendant") in the above-referenced action and respectfully submits the following joint letter in accordance with Your Honor's Order dated September 3, 2020 (Docket No. 124).

### 1. <u>Summary of Claims, Defenses and Relevant Issues</u>

      Defendant Bouchard is a petroleum barge company that transports petroleum product to customers on the Gulf Coast and Atlantic Coast via a large fleet of tugs and barges. Bouchard is experiencing severe financial problems. Because of these problems, Bouchard missed payroll for various pay periods in January and February 2020. In response to those missed payrolls, Plaintiffs filed the instant action on February 11, 2020.  The named Plaintiffs are advancing their claims on behalf on the entire maritime complement. Further around that time Bouchard was contacted by the United States Department of Labor (DOL) concerning the missed payroll.  Bouchard was able to liquidate certain assets and subsequently paid the wages due and owing under DOL supervision.  Shortly thereafter, additional individuals, represented by Plaintiffs' counsel filed another Complaint in related case *Babson et al., v. Bouchard Transportation Co. Inc.*, 1:20-cv-02370(MKV).



Hon. Stewart D. Aaron
September 24, 2020
Page 2

Plaintiffs seek damages and costs for 1) breach of contract; 2) the payment of wages pursuant to 46 U.S.C. § 10501, *et seq.* (the "Shipping Act"); 3) the payment of wages and penalty wages under 46 U.S.C. § 10504; 4) the payment of wages and penalty wages under New York Labor Law, Article 6, § 663; 5) claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*,; 6) Specific Performance and Injunctive Relief; and 7) Fraud.

The principal claims of Plaintiffs are that Defendant failed to timely pay wages as required under federal and state wage payment statutes. The principal defenses of Defendant is that pursuant to 29 U.S.C. § 216(c), the Secretary of the Department of Labor is authorized to supervise the payment of wages; the receipt and acceptance by employees of such wages constitutes a waiver of liquidated damages pursuant to 29 U.S.C. § 216(c). Further, Defendant alleges that Plaintiffs' state law claims are preempted by federal law and the Secretary's authority under 29 U.S.C. § 216(c).

The parties dispute certain legal issues but are largely in agreement on the factual issues. The factual issue most important to resolving the case is the financial status of Defendant; it has little to no cash flow and is facing legal actions in other jurisdictions which has resulted in the arrest of various vessels as indicated in the Complaint.

## 2. **Basis of subject matter jurisdiction**

Plaintiffs assert subject matter jurisdiction pursuant to the Court's Admiralty and Maritime jurisdiction, and under 28 U.S.C. § 1331 which provides the Court federal question jurisdiction pursuant to the Shipping Act and the FLSA. Plaintiffs assert venue is established as Defendant resides in New York. Also, Defendant's state of incorporation is New York. Subject matter jurisdiction and venue are not contested by Defendant.

## 3. **A statement of procedural posture and needed discovery**

To date, no motions have been made or decided. Plaintiffs currently anticipate filing a collective action motion. There are no pending motions in this matter, nor do the parties expect any further applications to be made at the conference. The parties intend to move for summary judgment at the appropriate time.

The parties have engaged in limited discovery, with Defendant providing initial disclosures of its communications with the Department of Labor. The parties do not anticipate extensive discovery in this action.

Further, the parties have engaged in settlement discussions but have been unsuccessful, principally because of Defendant's serious financial difficulties. Accordingly, a settlement conference is unnecessary.



Hon. Stewart D. Aaron
September 24, 2020
Page 3

4. **Any other information that the parties believe may assist the Court in resolving the action**

Resolution of this matter is not possible at this time and Defendant has advised Plaintiffs of same.

Submitted with this joint letter is the Proposed Case Management Plan.

Respectfully submitted,

*/s/ Aaron C. Carter*

Aaron C. Carter, Esq.

*Counsel for Defendant*

Enclosure

_____*/s/ Paul T. Hofmann*_____
Paul T. Hofmann, Esq.

*Counsel for Plaintiffs*

4819-5768-4684.1