# KM&M
### KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE • FOURTEENTH FLOOR
NEW YORK, NY 10022

RAYMOND G. MCGUIRE
DIRECT DIAL: (212) 909-0711
DIRECT FAX: (212) 909-3511
MCGUIRE@KMM.COM

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

October 15, 2020

**VIA ECF**

The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Bailey et al., v. Bouchard Transportation Co., Inc., et al.*,
               Case No.: 20-cv-01207 (MKV)(SDA)
               KM&M File No. 00545.8367

Dear Judge Aaron:

      We represent Defendants Bouchard Transportation Co. Inc., et al ("Defendants") in the above referenced matter. We submit the following joint letter with Plaintiffs' counsel addressing the impact on this case of Defendants' bankruptcy filing on September 28, 2020, Case No. 20-34682 (DRJ), in the Southern District of Texas.

      I.    Entities to which the automatic stay extends

      All Defendants have declared bankruptcy and Defendants' bankruptcy counsel has petitioned the Bankruptcy Court regarding same. The Bankruptcy Court has entered an Order jointly administering the bankruptcy of all Defendants in this matter. *See* Exhibit A.

      In situations such as this, in which a party files for Chapter 11, this operates as an automatic stay, applicable to all entities, of--(1) the commencement *or continuatio*n[,] of a *judicial*, administrative, or other action *or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title*[.]" 11 U.S.C. § 362(a)(1).



The Honorable Stewart D. Aaron, U.S.M.J.
October 15, 2020
Page 2

"Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is because Section 362's stay is mandatory and 'applicable to all entities', including state and federal courts." *In re Best Payphones, Inc.*, 279 B.R. 92, 97 (Bankr. S.D.N.Y. 2002)(*citing Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir.1991); *accord Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir.1983)(automatic stay prevented federal appeals court from deciding case that had been briefed and argued pre-petition)). Thus, Defendants respectfully request that the Court notices that the automatic stay extends to all Defendants in this matter, as Defendants have each filed for Chapter 11.

II. Whether any motions for a stay or relief have been filed with the Bankruptcy Court

No motions for a stay regarding this case have been filed with the Bankruptcy Court. Defendants respectfully request that this Court enter the attached proposed Order noticing the automatic stay for Defendants. *See* Exhibit B.

III. How the parties intend to proceed in this action as a result of the bankruptcy filing

As a result of Defendants' bankruptcy filing, Defendants defer to the Bankruptcy Court to administer the matter in the normal course. The general policy behind granting an automatic stay once a party files for Chapter 11 is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected. The automatic stay provision is intended "to allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000)(*citing Penn Terra Ltd. v. Department of Envtl. Resources*, 733 F.2d 267, 271 (3d Cir.1984); *In re United States Lines, Inc.*, 197 F.3d 631, 640 (2d Cir.1999) (internal quotation marks omitted). Thus, Defendants' counsel in the Bankruptcy Court will advise Defendants on the status of Defendants' bankruptcies and shall advise Defendants of the applicable next steps as this matter progresses. Defendants' bankruptcy counsel is further cc'd on this letter.



The Honorable Stewart D. Aaron, U.S.M.J.
October 15, 2020
Page 3

    Thank you for your attention to this matter.

        Respectfully submitted,

        <u>s/ Raymond G. McGuire</u>

        Raymond G. McGuire
        Aaron C. Carter

        *Counsel for Defendants*


<u>s/Paul T. Hofmann</u>

Paul T. Hofmann

*Counsel for Plaintiffs*


Cc: Ryan Blaine Bennett *(via email)*