USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/05/2024

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Christopher Bailey et al., on behalf of themselves and all others similarity situated,**<br><br>        Plaintiffs,<br><br>-against-<br><br>**Bouchard Transportation Co., Inc. et al.,**<br><br>        Defendants. | 1:20-cv-01207 (SDA)<br><br>OPINION AND ORDER |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

  One of the seven causes of action asserted in the Complaint in this action asserts a claim under the Fair Labor Standards Act ("FLSA"). (Compl., ECF No. 1, ¶¶ 65-69.) Pending before the Court is a motion by Plaintiffs Christopher Bailey, Justin Peaslee, Franklin Bodden, Trent McDowell and Elmo Benedith[1] (collectively, "Plaintiffs") to approve a settlement reached by the parties and approved by the Bankruptcy Court for the Southern District of Texas in *In re Tug J. Robert Bouchard, Corp.*, Case No. 20-34758. (Pls.' Mot., ECF No. 136.)

  Pursuant to the settlement agreement, Defendants/Debtors shall pay the sum of $216,706.00, which includes the payment $10,980.00 to Plaintiff Christopher Bailey for liquidated damages; $10,300.00 to Plaintiff Justin Peaslee for liquidated damages in this action, plus $23,125.00 for his separate claim for work performed in July 2020 through September 2020;[2]

---

[1] On February 13, 2020, one of the plaintiffs in this action, Christopher Moore, filed a notice of voluntary dismissal of his claims (Not. of Dismissal, ECF No. 4), which hereby is approved.

[2] The settlement of the separate claim by Mr. Peaslee for work performed during the period July to September 2020 also is part of the companion motion to approve the settlement asserted in the related case, *Babson v. Bouchard Transportation Co., Inc.*, 20-CV-02370 (MKV). It expressly is ordered that Mr. Peaslee will be entitled to only one payment of $23,125.00 out of the total settlement amount of $216,706.00, assuming approval of the global settlement is made in that action as well.

$6,930.00 to Plaintiff Elmo Benedith for liquidated damages; $6,136.00 to Franklin Bodden for liquidated damages; and $6,190.00 to Plaintiff Trent McDowell for liquidated damages. (*See* Hofmann Aff., ECF No. 136-1, ¶¶ 14-15, 40-45; Hofmann Supp. Aff., ECF No. 138-1, ¶¶ 3-8 & Exs. 7, 9.) Plaintiffs also seek $50,000.00 in attorneys' fees and $494.00 in costs. (Hoffman Aff. ¶¶ 35, 62.)

As an initial matter, the Court notes that the Southern District of Texas Bankruptcy Court already has approved the settlement of the FLSA claims. Thus, a separate analysis of the settlement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), may not be required. *See Li Rong Gao v. Perfect Team Corporation*, 249 F. Supp. 3d 636, 639 (E.D.N.Y. 2017) ("for all practical purposes, begins and ends with the reality that the bankruptcy court has already approved the [s]ettlement"). In any event, even separately considering the settlement pursuant to *Cheeks*, the Court finds that it is fair, reasonable and adequate given the nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Notably, Plaintiffs will receive their full amount of liquidated damages for delayed payment of wages under the FLSA.[3] (*See* Hofmann Supp. Aff. ¶¶ 5, 7.)

The Court also finds that the requested attorneys' fees and costs are reasonable. Plaintiffs' counsel is seeking $50,000.00 in fees, which is less than the 30% he could have recovered under the applicable contingency fee agreements.[4] (Hofmann Aff. ¶ 35 n.4.) It also is far less than even the estimated lodestar from September 6, 2022 when Plaintiffs' counsel made

---

[3] Defendants eventually paid the underlying wages due. (Hofmann Aff. ¶ 14.)

[4] "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023).

an application for attorney's fees in the bankruptcy action.[5] (*Id*. ¶ 37.) Similarly, the Court finds that the requested costs of $494.00 are reasonable.[6] (*Id*. ¶ 61 n.6; Hofmann Supp. Aff., Ex. 8.)

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

DATED:      New York, New York
            November 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

[5] That application never was acted upon. (Hofmann Aff. ¶ 37.)

[6] The separate claim by Hofmann & Schweitzer for attorneys' fees of $50,000.00 and costs of $494.00 also is asserted in the companion motion to approve the settlement herein asserted in *Babson v. Bouchard Transportation Co., Inc.*, 20-CV-02370 (MKV). It is expressly ordered that Hofmann & Schweitzer will be entitled to only one payment of $50,000.00 for fees and $494.00 for costs out of the total settlement amount of $216,706.00, assuming approval of the global settlement is made in that action as well.